IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KRISTI KAE KIEFER, )
)
      Plaintiff, )
)
  -vs- ) Civil Action No. 16-1089
)
NANCY A. BERRYHILL,[1] )
ACTING COMMISIONER OF SOCIAL )
SECURITY, )
)
      Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Kristi Kae Kiefer ("Kiefer") brings this action seeking judicial review of the ALJ's decision denying her claim for a period of disability,[2] disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Kiefer filed an application in October of 2012 alleging a disability beginning in October of 2006. (R. 15)[3] She appeared and testified at a February 2015 hearing, as did a vocational expert. The ALJ ultimately denied Kiefer's claim, finding her capable of medium work with certain restrictions. (R. 19) Kiefer has appealed and challenges the ALJ's decision in several respects. Pending are cross motions for summary judgment. See ECF Docket nos. 11 and 16. After careful consideration, I find that this case must be remanded for further consideration.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.
[2] Kiefer's earnings establish that she remained insured through December 31, 2011. (R. 15)
[3] Kiefer filed a previous application on March 24, 2009 which was denied on June 24, 2009. (R. 15) The Appeals Court denied Kiefer's subsequent request for review and the ALJ's determination was affirmed by this Court on April 21, 2014. (R. 15)

1

## Legal Analysis

1. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

2. Evaluation of Medical Opinions

2

Kiefer faults the ALJ for allegedly failing to evaluate the opinions offered by her treating physicians and the consultative evaluators in accordance with agency policy and the relevant case law. Kiefer's only persuasive argument[4] relates to the ALJ's reliance upon a submission from Family Psychological Associates. The submission consists of a two-page document in which the author details the level of restriction imposed upon various work-related mental activities due to Kiefer's impairments. (R. 337-338) The ALJ "afforded this opinion significant weight," finding it to be consistent with the medical evidence of record and with the mental status examinations. (R. 24) I agree with Kiefer that the ALJ's reliance upon this submission was erroneous.[5] The submission is both unsigned and undated. Indeed, the report itself looks incomplete – as if there were additional pages which were not attached. "To be considered a medical opinion, a statement must be from an acceptable medical source as defined by 20 C.F.R. §§ 404.1513(a), 416.913(a) (defining acceptable medical source as licensed physicians, licensed or certified psychologists, licensed podiatrists, or qualified speech-pathologists)." *Cantelupe v. Colvin*, Civ. No. 15-410, 2015 WL 9598896 at * 12 n. 6 (M.D. Pa. Dec. 17, 2015). *See also Felipa v. Astrue*, Civ. No. 10-3151, 2011 WL 4529772 at * 4 (E.D. Pa. Aug. 31, 2011) (stating that "it would have been improper" for

---

[4] For instance, I reject Kiefer's contention that the ALJ erred in not finding certain impairments to qualify as "severe" at the second step of the analysis. I find no error in this regard. The ALJ determined that Kiefer's substance abuse, anxiety disorder and liver disease constituted "severe impairments." (R. 17) As such, the analysis continued and any alleged error was harmless in nature. *See Salles v. Commr. of Soc. Sec.*, 229 Fed. Appx. 140, 145 n. 2 (3d Cir. 2007) (stating that, "[b]ecause the ALJ found in Salles' favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless."), *citing, Rutherford v. Barnhart,* 399 F.3d 546, 553 (3d Cir. 2005) and *Roberts v. Astrue*, Civ. No. 8-625, 2009 WL 3183084 (W.D. Pa. Sept. 30, 2009). Nor do I find to be persuasive Kiefer's contention that the ALJ erred in rejecting the opinions set forth in the Employability Assessment Forms for the Pennsylvania Department of Public Welfare. *See* ECF Docket No. 12, p. 11-12. To be clear, the ultimate decision of disability as it relates to social security claims is reserved solely for the ALJ. 20 C.F.R. §§ 404.1527, 416.927. Thus, the ALJ was not required to give these opinions, in which the physicians declared Kiefer to be "disabled" for a certain period of time, any weight or special significance.
[5] Significantly, the Government is silent as to the appropriateness of the ALJ's reliance on the Family Psychological Associates' documents.

the ALJ to rely on an unsigned and undated medical source statement), *citing, Young v. Heckler*, Civ. No. 84-753, 1985 WL 2834, * 2 (E.D. Pa. 1985) (stating that "[i]t is impermissible for the ALJ to attribute any weight to a s[c]rawled signature on the printed form of an unidentified physician who does not state any reason for his opinion …. Where the qualifications of a physician do not appear of record, his opinion should not be considered.") and *Cannon v. Heckler*, 627 F. Supp. 1370, 1375 (D. N.J. 1986) (stating, "[s]ince the signature is illegible and the name and qualifications of the physician unknown, the form should have been given no weight"). *See also Foust v. Astrue*, Civ. No. 8-11, 2009 WL 1854526 at * 8 (N.D. Ind. June 26, 2009) As in *Cantelupe*, here, there is no way to authenticate whether the report in question was made by an acceptable medical source. As such, the ALJ erred in relying upon it.

Further, I cannot conclude that the ALJ's reliance upon the report is harmless error, nor does the Government contend as much. The ALJ gave the report "significant weight." The only other report relating to Kiefer's mental impairment which the ALJ accepted as persuasive was the opinion proffered by Valerie Rings, Psy.D. The ALJ accorded Rings' opinion "significant weight." (R. 24) It is not clear, however, from the record whether the opinion evidence provided by Rings, standing alone, would have convinced the ALJ to deny benefits. Consequently, the case is remanded for further consideration. On remand, the ALJ is directed to reconsider his decision without reliance upon the Family Psychological Associates' report.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KRISTI KAE KIEFER, )
)
    Plaintiff, )
)
 -vs- ) Civil Action No. 16-1089
)
NANCY A. BERRYHILL,[6] )
ACTING COMMISSIONER OF )
SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.


## ORDER OF COURT

Therefore, this 12th day of May, 2017, it is hereby ORDERED that Plaintiff's Motion for Summary Judgment (Docket no. 11) is granted and Defendant's Motion for Summary Judgment (Docket no. 16) is denied. It is further ORDERED that this action is REMANDED for further consideration in accordance with the accompanying Opinion.

    BY THE COURT:

    /s/ Donetta W. Ambrose
    Donetta W. Ambrose
    United States Senior District Judge

---

[6] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017.